**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 10 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| YAMAN F. TAYLOR | § | |
| | § | |
| Plaintiff, | § | Civil Action File No. |
| | § | |
| | § | |
| v. | § | 1:21-CV-0612 |
| | § | |
| JACK IN THE BOX., INC | § | |
| Defendants | § | |

## COMPLAINT

1. YAMAN F. TAYLOR, (referred to as "Plaintiff") bring this action for damages, and any other available legal or equitable remedies, resulting from the illegal actions of Jack in the box Inc., and its related entities, subsidiaries and agents in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), thereby invading Plaintiffs' privacy.

2. Defendant Jack in the box Inc., has violated the TCPA by contacting the Plaintiff on his cellular telephone via an "automatic dialing system," and/or " automated or prerecorded messages" as defined by 47 U.S.C § 227(a)(1), without

1

prior express consent within the meaning of the TCPA and also violated 47 U.S.C. § 227( c)(5), whereas Plaintiff has received more than one telephone call within a 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection.

3.      The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740,

744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102-243, § 11. Toward this end,

Congress found that:

[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

2

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-C-5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also Mims*, 132 S. Ct. at 744.

6.  The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

7.  Text messages are "calls" within the context of the TCPA.  See...Satterfield v. Simon & Schuster, Inc., 569 F.3d (9th Cir. 2009).


## JURISDICTION & VENUE

8. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331 and venue is proper in this district pursuant to 28 U.S.C.  § 1391(b).

## PARTIES

9. YAMAN F. TAYLOR, is a natural person who was at all relevant times residing in the city of Jonesboro, county of Clayton, state of Georgia.

10.  Defendant Jack in the box Inc., (hereinafter, "JACK") is a foreign company with a headquarters located at 9357 Spectrum Center Blvd, San Diego CA 92123.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C § 227et seq.

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers.  47 U.S.C. § 227(a)(1).  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

13. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are nuisances.

4

14. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

15. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices.  § 227(b) prohibits… the use of automated telephone equipment; (1) Prohibitions…" It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—…"

16. In addition to the restrictions on automated telephone equipment, the TCPA instructs the FCC to issue regulations "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). Accordingly, the FCC issued regulations prohibiting "person[s] or entit[ies] [from] initiat[ing] any call for telemarketing purposes to a residential telephone subscriber unless [the] person or entity has instituted [certain listed] procedures for maintaining" a do-not-call list. 47 C.F.R. § 64.1200(d). Relevant here, the regulations require the telemarketer to (1) provide "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted," § 64.1200(d)(4); (2) maintain a do-not-call list, § 64.1200(d)(6); and (3) honor a person's request not to be called.

## FACTUAL ALLEGATIONS

17. Plaintiff purchased a new phone in November of 2019 and started receiving messages from Short Message Code #43972, belonging to the Defendant JACK on his personal cellphone at XXX-XXX-8081. Plaintiff placed his cellular phone number on the National "Do-Not-Call" list in 2019, due to solicitation calls from telemarketers, and other businesses. Plaintiff uses his cellular phone number as his primary residential number for personal, family, and household use. The Plaintiff has never maintained a landline at his residence and uses his cell phone for setting alarms, navigation purposes, sending/receiving emails, timing food when cooking, sending/receiving text messages and exercising. The Plaintiff further has his cell phone for her personnel accounts, and the phone is not primarily used for any business purpose.

18. Plaintiff received at least 26 unsolicited telemarketing calls from Defendant to his wireless phone without his express consent. All of the messages were impersonal and some of them read:

**11/12/2019 3:09:03 PM From: 43972**
**Jack in the Box: Last chance for BOGO fries! Get two Sauced & Loaded fries for the price of one. Hurry, it ends soon. Find Store: ttp://jbox.io/l/k4H/x5nwY**

**11/14/2019 2:08:56 PM From: 43972 Jack in the Box: It's not National Fast Food Day without fries. Get Free Medium Regular or Curly Fries with any purchase! http://jbox.io/l/WX6/x5nwY**

**11/16/2019 2:09:46 PM From: 43972 Jack in the Box: Nat'l Fast Food Day is officially here. Get Free Medium Regular or Curly Fries w/ any purchase. Offer ends tomorrow! http://jbox.io/l/3r1/x5nwY**

**11/29/2019 1:11:54 PM From: 43972 Jack in the Box: Breathe fire on the other shoppers. Get a Free Jack's Spicy Chicken Sandwich for Black Friday with any purchase! http://jbox.io/l/AKZ/x5nwY**

19. The Defendant never contacted Plaintiff to obtain his express consent to receive such texts messages to his wireless number.

20. The calls by the Defendant were an intrusion upon Plaintiffs rights to privacy and seclusion.  Additionally, the calls caused and injury by depletion of the Plaintiffs cell phone's battery, and thus resulted in cost to recharge his phone.  i.e., using electricity to charge the cellphone.

21.  Plaintiff has received at least twenty-six (26) unsolicited calls/texts from the Defendant and continues to receive text messages up until this very day.

22. Upon information and belief, all of the calls/texts Defendant placed to Plaintiffs cellular phone were placed using an "automatic telephone dialing system" (hereinafter, "auto-dialer"), which has the capacity to store and send bulk messages and to dial such numbers as specified by 47 U.S.C. § 227(a)(1)

23. Upon information and belief, the Defendant's calls to Plaintiffs cellular telephone utilizing an "artificial or prerecorded voice messaging system" violated 47 U.S.C. § 227(b)(1)(A).

24. Upon information and belief, the Defendant's calls to Plaintiffs cellular telephone violated 47 U.S.C. § 227(c)(5).

25. Upon information and belief, this ATDS has the capacity to store or produce

telephone numbers to be called, using a random or sequential number generator.

26. Upon information and belief, this ATDS has the capacity to store numbers on a list and to dial numbers from a list without human intervention.

27. The impersonal and generic nature of the text messages that Defendant sent to Plaintiff demonstrate that Defendant used an ATDS to send the subject text messages.

28. Upon information and belief, Defendant used a combination of hardware and software systems which have the capacity to generate or store random or sequential numbers or to dial sequentially or randomly in an automated fashion without human intervention.

29. Upon information and belief, Defendant used a device to send the subject text messages to Plaintiff that stores numbers and dials them automatically to a stored list of phone numbers as part of scheduled campaigns.

30. This text message constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. Plaintiff has never provided his cellular phone number to the Defendant or given his prior express consent to be called, whether on her own or on behalf of any third party.

32. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA. The continuous

8

repeated calls came with such persistence and frequency as to amount to a course of hounding the Plaintiff.  Additionally, these calls by the Defendant used up precious minutes on a limited cellphone plan.

## CAUSE OF ACTION COUNT I
## VIOLATIONS OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

33.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.  Using an auto-dialer and without prior express written consent, the Defendant JACK texted the Plaintiff at least twenty-six(26) times by means of automatic texting system to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35. As a result of Defendants violations of 47 U.S.C. § 227 (b)(3)(B)(C);Plaintiff is entitled to an award of $500 in damages up to treble the damages ($1500) for each such violation.

## CAUSE OF ACTION COUNT II-TCPA
## VIOLATIONS OF THE ("TCPA"), 47 U.S.C. § 227(c)(5)

36.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.  The twenty-six (26) prerecorded automated phone calls were made to Plaintiff's "residential number" which is listed on the "Do-Not-Call" registry and did not reveal the entities on whose behalf they were made, did not provide contact information for those entities, that Defendants failed to maintain records of his

9

requests to be placed on the do-not-call list and also failed to honor his do-not-call request.

38. As a result of Defendants violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to an award of a minimum of $1,500.00 in statutory damages for each willful call-in violation of the statute pursuant to 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

a)  As a result of the Defendant's violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to statutory damages of  $500.00 for each and every call in violation of the statue, pursuant to  47 U.S.C. § 227(b)(3);

b) As a result of Defendant violations of , 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every call in violation of the do-not-call list

c) Assessing against Defendants, all costs incurred by the Plaintiff; and

d) Awarding such other relief as justice and equity may require.

Respectfully submitted,

Yaman F. Taylor
7515 Garnet Dr
Jonesboro, GA 30236
tayloryaman12@outlook.com

10